

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,393

### EX PARTE ERIC LOFTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F04-15033-R IN THE 265TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and sentenced to six years' imprisonment.

Applicant contends that his appellate counsel rendered ineffective assistance because he did not file a brief on his behalf. The trial court has determined that trial counsel was ineffective and that counsel's deficient performance prejudiced Applicant by denying him a meaningful appeal. The State agrees. We find that counsel was ineffective and Applicant is entitled to the opportunity to file

an out-of-time appeal of the judgment of conviction in Case No. F04-15033-R from the 265th Judicial District Court of Dallas County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 25, 2010
Do Not Publish